# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **RED MOUNTAIN RETAIL GROUP, INC.,** | ) | |
|  | ) | |
| **Plaintiff,** | ) | |
|  | ) | **CIVIL ACTION** |
| **v.** | ) | |
|  | ) | **No. 05-2557-KHV** |
| **BCB, L.L.C.,** | ) | |
|  | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Red Mountain Retail Group, Inc. ("Red Mountain") brings suit against BBC, L.L.C., for breach of contract, conversion, fraud and negligent misrepresentation. Specifically, Red Mountain claims that BBC is wrongfully withholding $250,000 under a real estate contract between the parties. This matter is before the Court on <u>Defendant's Motion To Dismiss</u> (Doc. #7) filed February 6, 2006. For reasons stated below, the Court sustains defendant's motion.

## Legal Standards

Although defendant makes its motion under Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction, it is more properly analyzed as a motion to dismiss for improper venue under Rule 12(b)(3), Fed. R. Civ. P. <u>See</u> <u>Riley v. Kingsley Underwriting Agencies, Ltd.</u>, 969 F.2d 953, 956 (10th Cir. 1992). The procedure to decide a motion to dismiss for improper venue is generally the same as deciding a motion to dismiss for lack of personal jurisdiction. <u>Black & Veatch Constr., Inc.</u> <u>v. ABB Power Generation, Inc.</u>, 123 F. Supp.2d 569, 572 (D. Kan. 2000). In ruling on the motion, the Court may consider matters outside the pleadings without converting it to a motion for summary judgment. <u>Topliff v. Atlas Air, Inc.</u> 60 F. Supp.2d 1175, 1176 (D. Kan. 1999); <u>see</u> <u>Black & Veatch,</u>

123 F. Supp.2d. at 572 (affidavit and other written material can be considered on motion to dismiss for lack of personal jurisdiction).

## Analysis

Defendant contends that the forum selection clause in the parties' real estate contract requires plaintiff to bring suit in Kansas state court in Wyandotte County.  The forum selection clause states as follows:

> All questions with respect to the construction or interpretation of this Contract and the rights and liabilities of the parties hereto shall be determined in accordance with the applicable provisions of the laws of the state of Kansas and any litigation shall have venue only in Wyandotte County, Kansas.

Exhibit A to Complaint (Doc. #1) filed December 28, 2005 ¶ 19(c).  Plaintiff responds that the forum selection clause is ambiguous and should be interpreted against defendant, its drafter.  In addition, plaintiff contends that the Court should not enforce the provision because defendant has engaged in unfair gamesmanship.

The parties do not discuss whether Kansas state law or federal common law controls the validity and interpretation of the forum selection clause.  Because the Court discerns no material difference between Kansas law and federal law on these matters, see Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972) (forum selection clauses prima facie valid and should be enforced unless unreasonable under circumstances); Vanier v. Ponsoldt, 251 Kan. 88, 101, 833 P.2d 949, 959 (1992) (enforcing fair and reasonable forum selection clause), it need not decide the issue.  See Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 320-21 (10th Cir. 1997).

In Excell, the Tenth Circuit addressed a similar forum selection clause which required that "jurisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso,

2

Colorado." Id. at 321.  After examining the language of the clause, the Tenth Circuit concluded that

it was clear and mandatory, and that it required plaintiff to file suit in Colorado state court in El Paso

County.  Id.  The Tenth Circuit specifically rejected plaintiff's argument that the clause permitted the

case to be removed to the federal district court which sits in El Paso County.  In so doing, the Tenth

Circuit stated as follows:

> For federal court purposes, venue is not stated in terms of "counties."  Rather, it is
> stated in terms of "judicial districts."  See 28 U.S.C. § 1391.  Because the language
> of the clause refers only to a specific county and not to a specific judicial district, we
> conclude venue is intended to lie only in state district court.  See Intermountain
> Systems v. Edsall Const. Co., 575 F. Supp. 1195, 1198 (D. Colo. 1983) (rejecting
> similar argument that forum selection clause providing "venue shall be in Adams
> County, Colorado," could be construed to allow removal to federal district court in
> Colorado).

Id.

The Court discerns no material difference between the Excell forum selection clause ("venue

shall lie in the County of El Paso, Colorado") and the forum selection clause in this case ("any

litigation shall have venue only in Wyandotte County, Kansas").  Thus the Excell ruling is binding

on this Court, and it must enforce the forum selection clause unless plaintiff demonstrates that it is

unfair or unreasonable.  Id.

Plaintiff asserts that it would be unjust to enforce the forum selection clause because

defendant has engaged in unfair gamesmanship.  Specifically, plaintiff complains that defendant

secured plaintiff's consent to an extension of time to respond to the complaint without disclosing

its intent to file a motion to dismiss based on the forum selection clause, and that defendant used the

extended time period to file a parallel action in state court in Wyandotte County.  Plaintiff cites no

authority that this is "gamesmanship" or that it constitutes good reason to find that a forum selection

3

clause is unreasonable.  <u>Cf.</u> <u>Excell</u>, 106 F.3d at 321 (plaintiff did not show forum selection clause unfair or unreasonable where no evidence of overreaching, unequal bargaining power or serious inconvenience to parties).  Plaintiff has not demonstrated that application of the forum selection clause is unfair or unreasonable.  The Court therefore sustains defendant's motion to dismiss.

**IT IS THEREFORE ORDERED** that <u>Defendant's Motion To Dismiss</u> (Doc. #7) filed February 6, 2006 be and hereby is **SUSTAINED.**  Plaintiff's claims are dismissed without prejudice for improper venue.

Dated this 27th day of April, 2006 at Kansas City, Kansas.

<div style="margin-left:50%">

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

</div>